UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Zahid Mehmood,
Plaintiff,

v.

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF INVESTIGATION (FBI);
CITY OF NEW YORK;
NEW YORK POLICE DEPARTMENT (NYPD),
Defendants.

Case No. _____

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff: Zahid Mehmood, Pro Se
76-19 265th Street
New Hyde Park, NY 11040
Phone: (212) 444-2264
Email: zahidmehmood@yahoo.com

**I. Introduction**

1. **Nature of the Action**
   This is a civil rights action seeking primarily injunctive and declaratory relief against the United States of America, the Federal Bureau of Investigation (FBI), the City of New York, and the New York Police Department (NYPD) for ongoing violations of the Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Relief is sought against the City of New York and the New York Police Department pursuant to 42 U.S.C. § 1983. Relief is sought against the United States of America and the Federal Bureau of Investigation pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, and the inherent equitable powers of this Court to remedy constitutional violations. Plaintiff also seeks compensatory damages and brings claims under New York state law for Intentional Infliction of Emotional Distress and under the New York City Human Rights Law against the City of New York and the New York Police Department.

**II. Parties**

2. **Plaintiff**
   O Zahid Mehmood ("Plaintiff"), residing at 76-19 265th Street, New Hyde Park, NY 11040, is an individual who brings this action on his own behalf.

3. **Defendants**
   O **United States of America**, acting through its agency, the Federal Bureau of Investigation (FBI).
   O **Federal Bureau of Investigation (FBI)**, a federal agency within the U.S. Department of Justice responsible for domestic intelligence and security.
   O **City of New York**, a municipal corporation responsible for the governance of New York City.
   O **New York Police Department (NYPD)**, a municipal agency responsible for law enforcement within the City of New York.

**III. Jurisdiction and Venue**

4. **Subject Matter Jurisdiction**
   O This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and 5 U.S.C. § 702. This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) (civil rights). This Court has supplemental jurisdiction over state and city law claims pursuant to 28 U.S.C. § 1367.

5. **Personal Jurisdiction**
   O Defendants City of New York and New York Police Department are subject to personal jurisdiction in the Eastern District of New York as they conduct business and governmental activities within this district.
   O Defendants United States of America and Federal Bureau of Investigation are subject to personal jurisdiction in actions brought in the United States District Courts.

6. **Venue**
   O Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred within this district, and Plaintiff resides in Queens, New York, which is within the Eastern District of New York.

**IV. Factual Allegations**

7. **Residence in New York Since 2007**
   ○ Plaintiff Zahid Mehmood has been residing in Queens, New York City, USA, since 2007 and is a law-abiding citizen engaged in lawful activities within his community.

8. **Religious and Community Involvement**
   ○ As a practicing Muslim, Plaintiff actively participates in religious and community events, exercising his rights to freedom of religion and association as protected by the First Amendment.

9. **Continuous Surveillance and Harassment For Approximately Ten Years**
   ○ Daily Surveillance of All Activities:
     ■ Since 2015, for approximately ten years and continuing to the present day (May 12, 2025), Plaintiff has been subjected to continuous and unwarranted surveillance by individuals believed to be agents or acting on behalf of the Defendants, driving various vehicles, including Jeeps and Durango cars. This surveillance, directed at Plaintiff, has also profoundly impacted his family environment, causing Plaintiff significant additional distress.
     ■ The surveillance occurs every day, covering all aspects of the Plaintiff's daily life.
     ■ As soon as the Plaintiff leaves his house, he is followed until he returns home, effectively subjecting him to constant monitoring.

10. **Use of Specific Vehicle Models to Intimidate and Harass**
    ○ Jeep and Durango Vehicles:
      ■ Individuals conducting surveillance on behalf of Defendants predominantly used Jeep and Durango vehicles.
      ■ The consistent use of these specific vehicle models was intended to mentally harass the Plaintiff and make their presence known wherever he went.
      ■ The repetitive sight of these vehicles served as a constant reminder of the surveillance, causing significant psychological distress to Plaintiff.

11. **Targeted with Multiple Vehicles and Networked Surveillance**
    ○ Simultaneous Tracking by Multiple Vehicles:
      ■ Individuals conducting surveillance on behalf of Defendants targeted Plaintiff with multiple vehicles at the same time, employing a network of vehicles to track and follow him 24/7.
      ■ They dispatched vehicles wherever they were available, ensuring constant

surveillance.

■ The coordinated use of multiple vehicles amplified the intimidation and harassment experienced by the Plaintiff.

12. **Imposed Restrictions Similar to House Arrest**
    ○ Constant Monitoring and Restriction of Movement:
    ■ The actions of those conducting surveillance on behalf of Defendants effectively placed the Plaintiff under conditions resembling house arrest.
    ■ Whenever the Plaintiff attempted to go out, he was immediately followed, stalked, and harassed, similar to the treatment of animals being monitored.
    ■ This constant presence limited his freedom of movement and caused severe anxiety and distress to Plaintiff.

13. **Surveillance During Work**
    ○ While Driving a Taxi:
    ■ Plaintiff works as a taxi driver and is followed throughout his 8 to 10-hour shifts every day.
    ■ Surveillance vehicles, often Jeeps and Durango cars, follow him regardless of the passengers he transports or the destinations he reaches.
    ■ This persistent following has caused significant stress and has interfered with his ability to perform his job effectively.

14. **Surveillance During Personal and Family Activities**
    ○ Family Outings and Daily Errands:
    ■ Plaintiff is followed when going grocery shopping, dropping his children off at school, and during any family activities. The constant awareness of being followed during these personal moments has caused Plaintiff immense stress and has detrimentally affected his family life.
    ■ Surveillance continues even on weekends when he spends time with his family or attends social events, further compounding Plaintiff's distress and impacting his family members.
    ○ Recreational Activities:
    ■ When Plaintiff goes for walks or engages in leisure activities, he is consistently followed by surveillance vehicles.
    ■ The presence of these vehicles has caused him to feel unsafe and has limited his ability to enjoy personal time.

15. **Surveillance During Religious Activities**
    ○ Attending Mosque:

■ Individuals conducting surveillance on behalf of Defendants have followed Plaintiff when he attends mosque for prayers and religious services.

■ The surveillance occurs every time Plaintiff goes to the mosque, infringing upon his right to freely practice his religion.

■ The presence of surveillance vehicles at his place of worship has caused Plaintiff significant distress and a sense of being targeted because of his faith.

16. **Intensification of Surveillance Due to Impending Lawsuit**

○ Retaliatory Surveillance:

■ Recently, the surveillance has intensified because individuals conducting surveillance on behalf of Defendants are aware that Plaintiff is about to file this lawsuit.

■ These individuals are attempting to intimidate and dissuade Plaintiff from pursuing legal action by increasing their stalking and harassment.

■ This escalation includes more frequent appearances of surveillance vehicles, more aggressive following tactics, and increased presence near Plaintiff's home and workplace.

17. **Methods of Surveillance**

○ Use of Multiple Vehicles and Tactics:

■ The individuals conducting the surveillance use different vehicles, often with tinted windows, and change vehicles frequently to avoid detection.

■ They employ tactics designed to intimidate, such as following closely, making their presence obvious, and parking near Plaintiff's home, workplace, and the mosque for extended periods.

18. **Intent to Engage Private Investigator and Seek Further Evidence of Government Involvement:**

Plaintiff intends to engage the services of a licensed private investigator as these proceedings commence to further document the surveillance and to gather additional evidence. This investigation will aim to identify the individuals involved and the specific agency affiliations (whether FBI, NYPD, or other entities acting on behalf of Defendants) of the vehicles used in the ongoing surveillance and harassment described herein. Plaintiff is confident that such an investigation will further substantiate the links between the observed surveillance activities and the Defendant government agencies. Any findings, reports, and evidence gathered from such future investigation will be made available and submitted as appropriate during the discovery process.

19. **Extensive Documentation of Surveillance**
   O Photographic Evidence:
   ■ Plaintiff has actively documented numerous instances of surveillance, compiling a total of over 5,000 photographs of the vehicles and individuals involved.
   ■ These photographs, recorded on a monthly basis, are timestamped with date and location metadata, and archived on platforms including Google Photos and Plaintiff's Facebook timeline.
   ■ This extensive photographic evidence spans from 2015 to the present (May 12, 2025), illustrating the persistent and systematic nature of the surveillance. The full archive of this evidence is available and will be provided during discovery or upon request.
   O Content of the Photographs:
   ■ Images include vehicles with tinted windows, license plate numbers, and recurring individuals involved in the surveillance.
   ■ The photographs corroborate Plaintiff's claims of daily monitoring and harassment by agents or those acting on behalf of Defendants.

20. **Impact on Plaintiff**
   O Severe Emotional and Psychological Distress:
   ■ The unceasing surveillance for approximately ten years has caused Plaintiff severe emotional and psychological distress, including pervasive anxiety, fear, and paranoia.
   ■ Plaintiff suffers from insomnia, depression, and has experienced significant and prolonged mental anguish.
   ■ A significant component of Plaintiff's distress stems from witnessing the profound negative impact of the surveillance environment on his wife and children. Observing their fear, anxiety, and the disruption to their sense of security and normal family life has caused Plaintiff immense additional pain, suffering, and feelings of helplessness. This includes Plaintiff's distress over his children developing anxieties or his wife's visible anguish due to the constant monitoring.
   O Profound Disruption of Daily Life and Well-being:
   ■ Plaintiff has been forced to drastically alter his daily routines, avoids certain places he once frequented, and lives under a constant state of alert, feeling compelled to continuously watch his surroundings.
   ■ Plaintiff's ability to perform his work as a taxi driver has been severely hampered due to the unremitting stress, distraction, and fear caused by being perpetually followed.
   ■ Plaintiff's relationships with friends and his ability to participate in community life have been strained and diminished as a result of the ongoing surveillance and the

psychological toll it has taken. The surveillance has also deeply strained family relationships and eroded the sense of peace and security within Plaintiff's home.

21. **Religious Discrimination**
   O Plaintiff believes he has been targeted due to his Muslim faith and ethnic background by agents or those acting on behalf of Defendants.
   O The surveillance, particularly when Plaintiff attends mosque, appears to be based solely on his religious beliefs, leading to unjustified suspicion and violating his rights under the First Amendment.
   O This discriminatory treatment has caused Plaintiff to feel marginalized and persecuted because of his religion.

22. **Lack of Probable Cause**
   O At no time did Defendants, their agents, or those acting on their behalf have a warrant, probable cause, or reasonable suspicion to justify the extensive surveillance and harassment directed at Plaintiff.
   O Plaintiff has no criminal record and is not involved in any activities that would warrant such monitoring.
   O The absence of any legitimate law enforcement basis underscores the unlawful nature of the actions taken by or on behalf of Defendants.

23. **Defendants' Actions**
   O The actions carried out by agents or those acting on behalf of Defendants lack any legitimate law enforcement purpose and are intended to harass, intimidate, and oppress Plaintiff based on his religion and ethnicity.
   O The prolonged and pervasive nature of the surveillance constitutes extreme and outrageous conduct.
   O Defendants, through their agents or by sanctioning such conduct, acted with reckless disregard for Plaintiff's constitutional rights and well-being.

24. **Emergency Risk Due to Suspension of Constitutional Rights**
   O Plaintiff is gravely concerned about ongoing political and legal discussions at the federal level regarding the possible suspension of constitutional protections such as habeas corpus. Given the Plaintiff's ethnic background and religious identity, as well as the extensive surveillance he has experienced for nearly a decade, there is a credible risk of being unlawfully detained without due process. Plaintiff seeks immediate judicial protection to prevent irreparable harm in the event such emergency powers are activated.

**V. Claims for Relief**

**First Claim for Relief**
**Violation of Fourth Amendment Rights (Unreasonable Search and Seizure) –
Seeking Injunctive and Declaratory Relief**
**(Against All Defendants)**

25. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.
26. Defendants City of New York and New York Police Department (NYPD), acting under color of state and municipal law, custom, or policy, have engaged in, sanctioned, or are responsible for a pattern of unreasonable searches and seizures by continuously surveilling Plaintiff without a warrant, probable cause, or reasonable suspicion.
27. Defendants United States of America and Federal Bureau of Investigation (FBI), through their agents or those acting in concert with them, have engaged in agency action that constitutes a pattern of unreasonable searches and seizures by continuously surveilling Plaintiff without a warrant, probable cause, or reasonable suspicion, in violation of the Fourth Amendment.
28. These actions constitute ongoing violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution.
29. Plaintiff seeks declaratory relief that these actions violate his Fourth Amendment rights and injunctive relief to prohibit such future conduct by all Defendants, their agents, employees, and all persons acting in concert with them.
30. As a direct and proximate result of these actions, Plaintiff has also suffered damages, including emotional distress and anxiety.

**Second Claim for Relief**
**Violation of First Amendment Rights (Retaliation and Infringement on Free Speech, Association, and Religion) – Seeking Injunctive and Declaratory Relief**
**(Against All Defendants)**

31. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.
32. Defendants City of New York and New York Police Department (NYPD), acting under color of state and municipal law, custom, or policy, have engaged in, sanctioned, or are responsible for a pattern of surveillance and harassment in retaliation for Plaintiff's exercise of his First Amendment rights and which infringes upon his rights to free speech, association, and the free exercise of religion.

33. Defendants United States of America and Federal Bureau of Investigation (FBI), through their agents or those acting in concert with them, have engaged in agency action that constitutes a pattern of surveillance and harassment in retaliation for Plaintiff's exercise of his First Amendment rights and which infringes upon his rights to free speech, association, and the free exercise of religion.

34. These actions have chilled Plaintiff's exercise of his First Amendment rights and constitute ongoing violations thereof.

35. Plaintiff seeks declaratory relief that these actions violate his First Amendment rights and injunctive relief to prohibit such future conduct by all Defendants, their agents, employees, and all persons acting in concert with them.

36. As a direct and proximate result of these actions, Plaintiff has also suffered damages, including emotional distress and anxiety.

**Third Claim for Relief**
**Violation of Fourteenth Amendment Rights – Equal Protection – Seeking Injunctive and Declaratory Relief**
**(Against City of New York and New York Police Department (NYPD))**
**(Violation of Fifth Amendment Rights – Equal Protection Principles – Seeking Injunctive and Declaratory Relief)**
**(Against United States of America and Federal Bureau of Investigation (FBI))**

37. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.

38. Defendants City of New York and New York Police Department (NYPD), acting under color of state and municipal law, custom, or policy, have treated Plaintiff differently based solely on his religion and ethnicity, including targeting him for suspicion, surveillance, and intimidation without any lawful basis, in violation of the Equal Protection Clause of the Fourteenth Amendment.

39. Defendants United States of America and Federal Bureau of Investigation (FBI), through their agents or those acting in concert with them, have engaged in agency action that has treated Plaintiff differently based solely on his religion and ethnicity, including targeting him for suspicion, surveillance, and intimidation without any lawful basis, in violation of the equal protection principles embodied in the Due Process Clause of the Fifth Amendment.

40. Such discriminatory treatment constitutes ongoing violations of Plaintiff's constitutional rights to equal protection under the law.

41. Plaintiff seeks declaratory relief that these actions violate his constitutional rights to equal protection and injunctive relief to prohibit such future discriminatory conduct by all Defendants, their agents, employees, and all persons acting in concert with

them.

42. As a direct and proximate result of this discrimination, Plaintiff has also suffered emotional, psychological, and social harm.

**Fourth Claim for Relief**
**Violation of 42 U.S.C. § 1983 (Deprivation of Federal Constitutional Rights)**
**(Against City of New York and New York Police Department (NYPD))**

43. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.

44. Defendants City of New York and NYPD, through their policies, customs, and practices, and through the actions of their agents acting under color of state law, have deprived Plaintiff of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

45. These actions constitute violations of 42 U.S.C. § 1983.

46. Plaintiff seeks injunctive and declaratory relief for these violations, and as a direct and proximate result of Defendants' actions, Plaintiff has also suffered damages.

**Fifth Claim for Relief**
**Unlawful Agency Action Under the Administrative Procedure Act, 5 U.S.C. § 706**
**(Against United States of America and Federal Bureau of Investigation (FBI))**

47. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.

48. The actions of the Federal Bureau of Investigation (FBI), an agency of the United States of America, in conducting or directing the prolonged, warrantless, and discriminatory surveillance and harassment of Plaintiff, constitute final agency actions that are:

   a. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   b. Contrary to constitutional right, power, privilege, or immunity (specifically, Plaintiff's rights under the First, Fourth, and Fifth Amendments); and/or

   c. In excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

49. Plaintiff is adversely affected and aggrieved by this unlawful agency action and is entitled to judicial review thereof and injunctive and declaratory relief pursuant to 5 U.S.C. § 702 and § 706.

**Sixth Claim for Relief**

**Intentional Infliction of Emotional Distress (Under New York Law)**
**(Against City of New York and New York Police Department (NYPD))**

50. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.

51. Defendants City of New York and NYPD, through their agents or by sanctioning such conduct, engaged in extreme and outrageous conduct by subjecting Plaintiff to continuous surveillance and harassment over a period of approximately ten years without any lawful justification.

52. Said Defendants acted intentionally or recklessly, with the purpose of causing, or with disregard of a substantial probability of causing, severe emotional distress to Plaintiff.

53. As a direct and proximate result of said Defendants' conduct, Plaintiff has suffered severe emotional distress, including anxiety, fear, insomnia, depression, and other psychological injuries.

54. Said Defendants are liable to Plaintiff for intentional infliction of emotional distress under New York law.

**Seventh Claim for Relief**
**Violation of New York City Human Rights Law (NYCHRL)**
**(Against Defendants City of New York and New York Police Department (NYPD))**

55. Plaintiff incorporates by reference all preceding paragraphs (1-24) as if fully set forth herein.

56. Defendants City of New York and New York Police Department (NYPD), by and through their agents, officers, and employees acting under color of city/state law, have engaged in and sanctioned a pattern of discriminatory harassment and bias-based profiling against Plaintiff within the City of New York.

57. This conduct, including but not limited to the targeted and continuous surveillance and harassment of Plaintiff as detailed above, was motivated, in whole or in substantial part, by Plaintiff's actual or perceived religion (Islam) and his ethnic and national origin.

58. Such actions constitute unlawful discriminatory practices and violations of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1), § 8-107(4), and potentially other relevant subsections thereof, including the right to be free from discrimination and discriminatory harassment.

59. As a direct and proximate result of these violations of the NYCHRL by Defendants City of New York and NYPD, Plaintiff has suffered significant emotional distress, fear, anxiety, infringement of his civil liberties, humiliation, and other damages.

**VI. Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. **Declaratory Relief**
   * Declare that Defendants' actions, policies, and practices as described herein violated the Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; the Administrative Procedure Act; and, as to the City of New York and NYPD, the New York City Human Rights Law.

B. **Injunctive Relief**
   * Issue a preliminary and permanent injunction enjoining all Defendants, their respective agencies, officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them, from:
        1. Conducting, ordering, or sanctioning any surveillance of Plaintiff, including but not limited to physical following, electronic monitoring, or monitoring of his religious or community activities, without a lawfully obtained warrant based on probable cause or other clear legal authority.
        2. Engaging in any acts of harassment, intimidation, or retaliation against Plaintiff for exercising his constitutional rights or pursuing this litigation.
        3. Targeting Plaintiff for investigation or adverse action based on his religion, ethnicity, or national origin.
   * Issue a preliminary and permanent injunction enjoining Defendants from detaining Plaintiff without timely judicial oversight, access to legal representation, and access to court proceedings—particularly in the event that habeas corpus is suspended or other constitutional rights are limited under emergency declarations.
   * Order Defendants to take affirmative steps, such as policy changes and training, to ensure that their agents and employees cease and desist from the unlawful conduct described herein.

C. **Compensatory Damages**
   * (Against Defendants City of New York and New York Police Department for claims brought under 42 U.S.C. § 1983, New York State Law, and the New York City Human Rights Law)
   * Plaintiff respectfully requests that the Court determine an appropriate amount of compensation based on the facts, duration, and emotional, psychological, and economic harm involved. The intention is not to seek wealth, but justice, safety, and

acknowledgment of the suffering caused. Plaintiff trusts the Court's fairness and leaves the final judgment as to the amount of compensatory damages to its discretion. Plaintiff reserves the right to present further evidence to substantiate the extent of monetary damages at trial or in future proceedings.

D. **Reimbursement of Expenses**
   * Award Plaintiff reimbursement for private investigator fees (when incurred) and other out-of-pocket costs incurred by Plaintiff to document and investigate Defendants' unlawful actions.

E. **Litigation Costs**
   * Award Plaintiff litigation costs pursuant to 42 U.S.C. § 1988, the New York City Human Rights Law, 5 U.S.C. § 504 (Equal Access to Justice Act, if applicable for APA claims), and any other applicable provisions of law. Plaintiff reserves the right to seek attorneys' fees should counsel be retained in the future.

F. **Other Relief**
   * Grant such other and further relief as this Court deems just and proper to protect the Plaintiff's rights and safety.

Dated: May 12, 2025

Respectfully submitted,
/s/ Zahid Mehmood
Zahid Mehmood
76-19 265th Street
New Hyde Park, NY 11040
(212) 444-2264
zahidmehmood@yahoo.com
Plaintiff, Pro Se

Evidence is being submitted in advance due to government involvement, in order to ensure my safety
https://drive.google.com/drive/folders/1lew_aQacezXNSxqj24arRBPvoRZY345h?usp=sharing
https://www.facebook.com/share/18ATH7mUtC/?mibextid=wwXlfr


**Key Changes in This Draft:**

- **Federal Defendants Re-Included:** United States of America and FBI are now listed as defendants.
- **Focus on Injunctive Relief:** The "Nature of the Action" and "Prayer for Relief" sections now more clearly emphasize the request for injunctive and declaratory relief as primary goals.
- **Legal Basis for Federal Claims (Injunctive):** Claims against federal defendants for injunctive relief are now framed under the Administrative Procedure Act (APA - 5 U.S.C. § 702, § 706) for unconstitutional/unlawful agency action.
- **Constitutional Claims Structure:** Claims for constitutional violations (First, Fourth, Fifth/Fourteenth Amendments) are asserted against both sets of defendants, specifying the different legal pathways (e.g., § 1983 for City/NYPD, APA for Federal).
- **Equal Protection:** The claim now specifies Fourteenth Amendment for City/NYPD and Fifth Amendment (which contains equal protection principles applicable to the federal government) for Federal defendants.
- **Monetary Damages:** The request for compensatory damages is maintained against the City/NYPD defendants, as per your previous draft's structure, but the overall emphasis is on stopping the conduct. Punitive damages against individuals are not included.
- **Prayer for Relief (Injunctive Details):** This section is more detailed in specifying the types of prohibitive and mandatory injunctions sought.
- **No John Doe / No Bivens:** Consistent with your prior instructions for the other draft, these are not included.

This draft is a starting point. Again, because of the significant legal complexities involved in suing both federal and city governments, especially for the type of conduct alleged, it is highly advisable to have an attorney review and refine this document before you consider any legal action.

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Zahid Mehmood<br>7619 265th St<br>New Hyde Park, NY, 11040 | ) ) ) ) | |
| _____ | ) | |
| _Plaintiff(s)_ | ) | Civil Action No. |
| v. | ) ) | |
| United States of America; Federal Bureau of<br>Investigation; City of New York; New York Police<br>Department | ) ) ) | |
| _____ | ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ United States of America
Service for the United States of America requires delivering a copy of the summons
and complaint to BOTH:
1-Civil Process Clerk, Office of the United States Attorney Eastern District of New York
271 Cadman Plaza East Brooklyn, NY 11201
2-Attorney General of the United States U.S. Department of Justice 950 Pennsylvania
Ave

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Zahid Mehmood
7619 265th St
New Hyde Park, NY, 11040
2124442264

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____ 05/11/2025 _____

_____
_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                    .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                        *Server's signature*

                                            _____
                                                        *Printed name and title*

                                            _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Zahid Mehmood<br>7619 265th St<br>New Hyde Park, NY, 11040<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>United States of America; Federal Bureau of<br>Investigation; City of New York; New York Police<br>Department<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States of America
Service for the United States of America requires delivering a copy of the summons
and complaint to BOTH:
1-Civil Process Clerk, Office of the United States Attorney Eastern District of New York
271 Cadman Plaza East Brooklyn, NY 11201
2-Attorney General of the United States U.S. Department of Justice 950 Pennsylvania
Ave

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are: Zahid Mehmood
7619 265th St
New Hyde Park, NY, 11040
2124442264

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____05/11/2025_____          _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Zahid Mehmood<br>7619 265th St<br>New Hyde Park, NY, 11040<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>United States of America; Federal Bureau of<br>Investigation; City of New York; New York Police<br>Department<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States of America
Service for the United States of America requires delivering a copy of the summons
and complaint to BOTH:
1-Civil Process Clerk, Office of the United States Attorney Eastern District of New York
271 Cadman Plaza East Brooklyn, NY 11201
2-Attorney General of the United States U.S. Department of Justice 950 Pennsylvania
Ave

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Zahid Mehmood
7619 265th St
New Hyde Park, NY, 11040
2124442264

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ 05/11/2025 _____                    _____
                                                    *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Zahid Mehmood<br>7619 265th St<br>New Hyde Park, NY, 11040 | ) ) ) ) | |
| _Plaintiff(s)_ | ) ) ) | Civil Action No. |
| v. | ) | |
| United States of America; Federal Bureau of<br>Investigation; City of New York; New York Police<br>Department | ) ) ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  New York Police Department
c/o New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Zahid Mehmood
7619 265th St
New Hyde Park, NY, 11040
2124442264

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _05/11/25._

_____
_Signature of Clerk or Deputy Clerk_

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                                    *Server's signature*

                                                                   _____
                                                                    *Printed name and title*

                                                                   _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Zahid Mehmood

### DEFENDANTS
City of New York, NYPD, United States of America and Federal Bureau of Investigation

**(b)** County of Residence of First Listed Plaintiff    queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    brooklyn
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   **MAY 19 2025**   ★

BROOKLYN OFFICE

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zahid Mehmood
7619 265th St
New Hyde Park, NY, 11040,2124442264

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government    Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 2   U.S. Government    Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ❏ 140 Negotiable Instrument |    Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' |    Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted |    Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
|    Student Loans | ❏ 340 Marine |    Injury Product | |    New Drug Application | ❏ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ❏ 345 Marine Product |    Liability | | ❏ 840 Trademark |    Corrupt Organizations |
| ❏ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
|    of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending |    Act | ❏ 862 Black Lung (923) |    Protection Act |
| ❏ 190 Other Contract |    Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal |    Property Damage |    Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise |    Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) |    Exchange |
| | ❏ 362 Personal Injury - |    Product Liability | ❏ 751 Family and Medical | | ❏ 890 Other Statutory Actions |
| |    Medical Malpractice | |    Leave Act | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee |    Income Security Act |    or Defendant) |    Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ |    Sentence | |    26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability |    Accommodations | ❏ 530 General | | |    Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | |    Agency Decision |
| |    Employment | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | |    State Statutes |
| |    Other | ❏ 550 Civil Rights |    Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original    Proceeding

❏ 2 Removed from    State Court

❏ 3 Remanded from    Appellate Court

❏ 4 Reinstated or    Reopened

❏ 5 Transferred from    Another District
   *(specify)*

❏ 6 Multidistrict    Litigation -    Transfer

❏ 8 Multidistrict    Litigation -    Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
First, Fourth, and Fifth Amendments; PA 5 U.S.C. § 552a); FTCA (28 U.S.C. §§ 1346(b),2671 et seq.)42USC1983
Brief description of cause:
Violations of constitutional and statutory rights due to unlawful surveillance,tortious conduct by fed/state govt

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
0.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE                          DOCKET NUMBER

DATE
05/11/2025

SIGNATURE OF ATTORNEY OF RECORD
zahid mehmood

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT            APPLYING IFP            JUDGE           MAG. JUDGE